UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C-10-1051 PJH

FREDERICK SCHIFF,

    Plaintiff,

    v.

TERESA BARRETT, et al.,

    Defendants.

                                    /

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION FOR WRIT OF ADMINISTRATIVE MANDAMUS**

Defendants' motion to dismiss the first amended complaint and plaintiff's motion for a preliminary injunction and motion for writ of administrative mandamus came on for hearing before this court on June 16, 2010. Plaintiff appeared by his counsel Patrick Manshardt,[1] and defendants appeared by their counsel Lauren Monson and Sallie Gibson. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss, DENIES the motion for a preliminary injunction, and DENIES the motion for writ of administrative mandamus.

**BACKGROUND**

Plaintiff Frederick Schiff ("Schiff") is a white male employed by the San Francisco Police Department. He currently holds the rank of Sergeant. In August 2003, he filed Schiff v. City & County of San Francisco, No. C-03-4345 MMC (N.D. Cal.) ("Schiff I"), alleging equal protection violations and employment discrimination. That case (along

---

[1] Mr. Manshardt is currently, and was at the time of the hearing, ineligible to practice law in the state of California. Accordingly, the court does not consider his arguments and orders them stricken from the record of the hearing.

with two related cases) settled in December 2007. In October 2008, Schiff filed <u>Schiff v. City and County of San Francisco</u>, No. C-08-4627 PJH (N.D. Cal.) ("Schiff II"), alleging retaliation for having filed the previous action. That action is pending.

In March 2010, Schiff filed the present action, Schiff III, in which he filed a first amended complaint in April 2010. Defendants in the present action are the City and County of San Francisco ("the City"); San Francisco Police Captain Teresa Barrett; the San Francisco Police Commission; and six members of the Police Commission – Joe Marshall, Thomas Mazzucco, Petra DeJesus, David Onek, Vincent Pan, and James Hammer. Captain Barrett and the six commissioners are sued in both their individual and official capacities.[2]

The factual allegations in the present action overlap to a considerable degree with those in <u>Schiff II</u>. As that case is ongoing, however, the court in this action will consider only those allegations that support claims arising after the filing of <u>Schiff II</u>.

In the present action, Schiff alleges that former San Francisco Police Chief Heather Fong (not a defendant here) transferred Captain Barrett to become his supervisor "for the sole purpose of further harassing [him] and manufacturing sufficient bogus complaints, allegations of misconduct, and letters to his personnel file," in order to justify his non-promotion to the rank of Lieutenant.

Schiff asserts that Captain Barrett reduced the scope of his duties and wrote three humiliating memoranda about him; and commenced disciplinary proceedings out of "retaliatory animus," based on Schiff's alleged failure to report a threat to a citizen, Linda Yoakum. The disciplinary proceedings terminated with a punishment imposed by the San Francisco Police Commission. In addition, Schiff asserts that in September 2008, Deputy Chief Kevin Cashman (not a defendant here) issued a "stay away order" directing Schiff to have no contact with Ms. Yoakum or her family. Schiff claims that

---

[2] The San Francisco Police Department ("SFPD") is also listed as a defendant in the caption of the complaint, but the docket reflects that no summons was issued for the SFPD, and it has not appeared in the case.

1   while the order was ostensibly issued to protect Ms. Yoakum from being labeled a
2   snitch by gang members, she had not in fact requested such protection.
3       The first amended complaint asserts two causes of action.  First, Schiff claims
4   that the defendants' alleged discriminatory, retaliatory, and harassing conduct gives rise
5   to a claim for discrimination under 42 U.S.C. § 1981.  Second, Schiff claims that the
6   defendants' conduct deprived him of his First Amendment right to free association and
7   Fifth and Fourteenth Amendment rights to equal protection, giving a right to relief under
8   42 U.S.C. § 1983.
9       Defendants now seek an order dismissing the first amended complaint for failure
10  to state a claim.  Schiff seeks a preliminary injunction vacating the stay-away order, and
11  a writ of administrative mandamus overturning the Police Commission's decision
12  regarding the disciplinary charge(s) or remanding it for further action.

13  **DISCUSSION**

14  A.   Motion To Dismiss
15      1.   Legal Standard
16      A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the
17  claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir.
18  2003).  Review is limited to the "contents fo the complaint."  Allarcom Pay Television,
19  Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to
20  dismiss for failure to state a claim, a complaint generally must satisfy only the minimal
21  notice pleading requirements of Federal Rule of Civil Procedure 8.
22      Rule 8(a)(2) requires only that the complaint include a "short and plain statement
23  of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
24  Specific facts are unnecessary – the statement need only give the defendant "fair
25  notice" of the claim and the "ground upon which it rests."  Erickson v. Pardus, 551 U.S.
26  89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  All allegations
27  of material fact are taken as true.  Id. at 94.  However, a plaintiff's obligations to provide
28  the grounds of his entitlement to relief "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] '– 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  There are several exceptions to this rule.  The court may consider a matter that is properly the subject of judicial notice, such as matters of public record. Id. at 689; see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).  Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studies, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, 284 F.3d 977, 980 (9th Cir. 2002).

    2.    Defendants' Motion

Defendants seek an order dismissing each cause of action asserted against them.

        a.    Claims against the San Francisco Police Commission

Defendants argue that the San Francisco Police Commission should be dismissed from the complaint because it lacks the capacity to be sued.  The court finds that the motion must be GRANTED.

The commission is an agency of the City's executive branch, not a separate legal

4

entity. S.F., Cal., Charter, §§ 4.100, 4.109. Accordingly, the commission lacks capacity to be sued and must be dismissed because the City is the proper entity to be sued. See, e.g., Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing a county department of corrections and holding that the county was the proper defendant); Sheehan v. Bd. of Police Comm'rs, 188 Cal. 525, 532 (1922) (dismissing a board of police commissioners). The dismissal is WITH PREJUDICE.

    b. Claims against Captain Barrett and the Police Commissioners in their Official Capacities

Defendants argue that all individual defendants sued in their official capacities should be dismissed because retaining them as plaintiffs would be redundant. The court finds that the motion must be GRANTED.

A claim against individual defendants in their official capacities is "only another way of pleading an action against an entity of which the officer is an agent." Wolfe v. Strankman, 392 F.3d 358, 365 (9th Cir. 2004) (citations and quotations omitted). Since the City is already a defendant, the claims against Captain Barrett and the Police Commissioners in their official capacities must be dismissed. The dismissal is WITH PREJUDICE.

    c. Claims against the City and County of San Francisco

The City argues that the claims asserted against it should be dismissed because Schiff has failed to establish any of the elements necessary to state a claim for relief against a municipality under 42 U.S.C. §§ 1981 and 1983. See Monell v. New York City Dep't. of Soc. Servs., 436 U.S. 658, 690 (1978). The court finds that the motion must be GRANTED.

Under § 1983, a municipality can be held vicariously liable for the acts of its employees only if one of the following conditions are met: 1) "the city employee committed the alleged constitutional violations pursuant to the city's official policy or custom," 2) the alleged conduct was "a deliberate choice" made by an employee with final policymaking authority, or 3) an official with policymaking authority delegated or

ratified the conduct. <u>Fuller v. City of Oakland</u>, 47 F.3d 1522, 1534 (9th Cir. 1995) (citations and quotations omitted). These limitations also apply under § 1981. <u>Fed'n of African American Contractors v. City of Oakland</u>, 96 F.3d 1204, 1214-15 (9th Cir. 1996).

Schiff has failed to state a claim against the City under this standard. He has not stated that any of the alleged discriminatory or retaliatory conduct stemmed from official policy or custom. Furthermore, he has not pled facts showing that any of the individually named defendants or other city officials responsible for the alleged conduct have final policymaking authority, nor that their actions were ratified by anyone with such authority. Accordingly, the motion to dismiss is GRANTED with LEAVE TO AMEND , to allege facts sufficient to state a claim against the City under §§ 1981 and 1983.

     d. Claims against Captain Barrett and the Police Commissioners in their Individual Capacities

Defendants argue that the claims asserted against Captain Barrett and the Police Commissioners in their individual capacities should be dismissed for failure to state a claim. The court finds that the motion must be GRANTED.

      i. Section 1981 Claims

Regarding the § 1981 claims, the defendants argue that the individual defendants should be dismissed for two reasons – because Schiff has failed to allege an impaired contractual relationship necessary to state a claim for relief under § 1981; and because Schiff's allegations are insufficient to meet all of the elements of a claim for relief under § 1981. The court finds that the motion must be GRANTED.

Section 1981 guarantees "all persons" the right to "make and enforce contracts." <u>Johnson v. Riverside Healthcare Sys., LP</u>, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(a)). To state a claim under § 1981, a plaintiff must identify an impaired "contractual relation," by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship. <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 476 (2006). Making and

6

enforcing contracts includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

In the context of employment discrimination, individuals can be personally liable under § 1981 even if the actual employer is not liable. See, e.g., Al-Khazraji v. Saint Francis Coll., 784 F.2d 505, 518 (3rd Cir. 1986); El-Hakem v. BJY Inc., 262 F.Supp. 2d 1139, 1147 (D. Or. 2003). However, § 1981 covers only discriminatory conduct based on race or ethnicity. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1123 (9th Cir. 2008). Furthermore, stating a claim under § 1981 requires allegations of intentional discrimination. Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 390-91 (1982).

While the individual defendants can still be liable under § 1981, Schiff has failed to plead facts sufficient to show how any of them intentionally discriminated against him on the basis of race in such a way as to impair a contractual relationship. Schiff's only allegation against the Police Commissioners is that they rendered a decision following a disciplinary hearing. He does not state discipline was imposed based on intentional racial discrimination.

As for Captain Barrett, only a few allegations from the first amended complaint – outside of the overlapping allegations from Schiff's ongoing action in Schiff II – apply to her. These include the allegations that Captain Barrett was transferred to harass Schiff in retaliation for his previous complaints, that she showed favoritism to women, that she humiliated Schiff in certain memoranda she wrote, and that she implemented falsely based disciplinary proceedings against him. Schiff fails to state that these allegations involve conduct on the basis of race. Furthermore, he has not alleged any impaired contractual relationship as to the commissioners or Captain Barrett.

Accordingly, Schiff has failed to state a claim for which relief can be granted. The dismissal is with LEAVE TO AMEND to clarify the basis for the claim.

///

ii. Section 1983 Claims

As for the § 1983 claims, the City argues that the equal protection and First Amendment claims should be dismissed because Schiff has failed to allege facts sufficient to state claims for which relief can be granted. The court finds that the motion must be GRANTED.

To state a claim under § 1983, a plaintiff must allege two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Schiff alleges that the defendants acted under color of state law and violated his First Amendment right to free association and the Fifth and Fourteenth Amendment rights to equal protection.

Regarding Schiff's Fifth Amendment claim, equal protection under the Fifth Amendment applies only to actions by the federal government. See, e.g., S.C. v. Katzenbach, 383 U.S. 301, 323-24 (1966). Since the defendants are not federal actors, Schiff cannot state a claim for relief alleging a Fifth Amendment violation. Dismissal is WITH PREJUDICE.

As for Schiff's Fourteenth Amendment equal protection claim, he fails to state a claim against the individual defendants. Stating a claim for relief under § 1983 for an equal protection violation on the basis of race or another protected class requires pleading intentional unlawful discrimination or facts sufficient to give rise to the inference of intentional discrimination. See Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Alternately, a plaintiff can also state a claim under a "class of one" theory by showing that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Claims of workplace retaliation, however, are outside of the scope of equal protection under the Fourteenth Amendment. See, e.g., Boyd v. Ill. State Police, 284

F.3d 888, 898 (7th Cir. 2004); see also <u>Sizemore v. City of Dallas</u>, 443 F.Supp. 2d 1201, 1204-05 (D. Or. 2009) (holding, based on reasoning in decisions from the First, Second, Sixth, Seventh, and Tenth Circuits, that the plaintiff was precluded from bringing an employment-related retaliation claim under 42 U.S.C. § 1983 for an alleged equal protection violation).

Apart from the allegations surrounding the Lieutenant promotion process, which the court does not consider here because they are the basis of the ongoing <u>Schiff II</u> action, the remaining allegations regarding Captain Barrett's alleged retaliatory conduct and the punishment that the commissioners imposed are insufficient to state a claim of equal protection violation. Schiff does not allege that he is a member of a protected class or that Captain Barrett or the commissioners treated him differently from similarly situated individuals outside of any protected class. Furthermore, since his allegations are all centered on the notion that the City and its employees retaliated against him, he has failed to state a claim for a fourteenth amendment violation, since retaliation is outside of the scope of equal protection. See <u>Sizemore</u>, 443 F.Supp. 2d at 1204-05.

The dismissal of the Fourteenth Amendment claim is with LEAVE TO AMEND to clarify the basis of the claim.

Finally, the court finds that the First Amendment claim also fails to state a claim for which relief can be granted. Schiff asserts that the stay-away order violates his right to freedom of association. While the First Amendment protects freedom of association, it does not create a "generalized right of 'social association.'" <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1188 (9th Cir. 1995) (quoting <u>City of Dallas v. Stanglin</u>, 490 U.S. 19, 25 (1989)). Freedom of association does protect intimate relationships and the right to associate to participate in "expressive activities otherwise protected by the Constitution." <u>Id.</u>

In this case, however, Schiff has failed to allege facts showing that his relationship with Ms. Yoakum – as an acquaintance and mentor to her son – qualifies as intimate or expressive under the First Amendment. Furthermore, the individual who

9

allegedly issued the order, Deputy Chief Cashman, is not a party to this action. While Schiff also claims in his opposition brief that the stay-away order violated his First Amendment right to free speech, he does not reference or state a claim on that basis in his complaint. Accordingly, Schiff's First Amendment claim under § 1983 is dismissed. The dismissal is WITH PREJUDICE.

B.      Motion for a Preliminary Injunction

    1.      Legal Standard

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

    2.      Plaintiff's Motion

Schiff seeks an order requiring the City to vacate the stay-away order issued by Deputy Chief Cashman, directing Schiff to have no contact with Ms. Yoakum or the children under her care. Schiff claims that the stay-away order violates his First Amendment right to free speech and freedom of association.

This motion is DENIED. For the reasons stated above with regard to the motion to dismiss, Schiff has failed to show a likelihood of success on the merits of his First Amendment claim. Schiff has also failed to proffer any support for the claim that he is likely to suffer irreparable harm if the requested injunction is not issued.

C.      Motion for Writ of Administrative Mandamus

Schiff seeks an order overturning the Police Commission's final decision concerning his punishment, or in the alternative, to remand it for further action. However, Schiff has not complied with the requirements that govern petitions for writs of administrative mandamus, as set forth in the California Code of Civil Procedure. See Cal. Civ. Proc. Code §§ 1094.5, 1094.6. Accordingly, the motion is DENIED for the reasons stated at the hearing.

**CONCLUSION**

In accordance with the foregoing, the motion to dismiss is GRANTED. The motion is GRANTED WITH PREJUDICE as to the claims asserted against the San Francisco Police Commission and the individual defendants, Captain Barrett and the police commissioners, in their official capacities. The motion is also GRANTED WITH PREJUDICE as to the § 1983 claim based on the First and Fifth Amendments asserted against Captain Barrett and the police commissioners in their individual capacities. The motion is GRANTED with LEAVE TO AMEND as to the as to § 1981 claim and the § 1983 claim based on the Fourteenth Amendment asserted against Captain Barrett and the police commissioners in their individual capacities. The motion is GRANTED with LEAVE TO AMEND as to the claims against the City and County of San Francisco.

Furthermore, the motion for a preliminary injunction is DENIED, and the motion for writ of administrative mandamus is DENIED.

**IT IS SO ORDERED**

Dated: July 14, 2010

PHYLLIS J. HAMILTON
United States District Judge