UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK SCHIFF,

    Plaintiff,

    v.

TERESA BARRETT, et al.,

    Defendants.
_____/

No. C 10-1051 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss the second amended complaint ("SAC") in the above-entitled action and to strike certain allegations in the SAC came on for hearing before this court on December 8, 2010. Plaintiff Frederick Schiff appeared by his counsel Thomas Bourke, and defendants appeared by their counsel Lauren Monson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    1.    The motion to strike the allegations regarding Title VII and California constitutional violations, and the motion to dismiss the Title VII claims in the first cause of action and to dismiss the third cause of action for violation of the California Constitution, are GRANTED. Plaintiff previously alleged a claim under Title VII in the original complaint, but abandoned that claim when he filed the first amended complaint ("FAC"). The court did not grant plaintiff leave to amend the SAC to allege Title VII or California constitutional claims, and plaintiff did not seek leave to amend as required under Federal Rule of Civil Procedure 15. The motion to strike redundant allegations is also GRANTED.

2. The motion to dismiss the SAC for failure to comply with Federal Rule of Civil Procedure 8 is GRANTED. The original complaint in this action was filed on March 11, 2010, and alleged "retaliation that has continued unabated since Schiff filed the Schiff II action [on October 6, 2008]." Cplt ¶ 3. The SAC, which is 62 pages long, fails to state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The SAC is so long and contains so many allegations that are irrelevant to plaintiff's claim of retaliation, harassment, and discrimination following the filing of Schiff II that it appears to the court that defendants would have a difficult time composing a responsive pleading. See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges"). Among other things, the bulk of the SAC concerns events that happened long before the filing of Schiff II, going back as far as 30 years; and the SAC realleges most of the same facts alleged in both Schiff I and Schiff II, as well as facts relating to a First Amendment claim that the court previously dismissed in its July 14, 2010 order dismissing the FAC.

3. The motion for a more definite statement is DENIED as moot, in light of the ruling on the motion to dismiss for failure to comply with Rule 8.

4. The motion to dismiss the claims under 42 U.S.C. § 1981 against Captain Barrett and the individual Police Commissioners in their individual capacities is GRANTED. The dismissal is with prejudice.

5. The motion to dismiss the claim under 42 U.S.C. § 1981 against the City and County of San Francisco is GRANTED. The dismissal is with leave to amend to allege a claim under Monell v. Department of Soc. Servs., 436 U.S. 658 (1978), in accordance with Federation of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1214-16 (1996). Although the SAC is replete with the words "policy," "usages," and "customs," it is not clear that plaintiff has alleged a municipal policy or practice in connection with the events that form the basis of this action, as opposed to the events that form the basis of the claims in Schiff II. The amended complaint must also clarify which claims of retaliation, harassment,

or discrimination are included.

6.  The motion to dismiss the claims under 42 U.S.C. § 1983 against Captain Barrett and the individual Police Commissioners in their individual capacities is GRANTED. Based on plaintiff's lack of opposition to the motion, the dismissal is with prejudice.

7.  The motion to dismiss the claim under 42 U.S.C. § 1983 against the City and County of San Francisco is GRANTED.  To the extent that this claim – which asserts a violation of the Equal Protection Clause – is based on allegations of retaliation, the dismissal is with prejudice, for the reasons stated in the court's July 14, 2010 order.  To the extent that this claim is based on allegations of discrimination or harassment, plaintiff must clarify exactly what actions by the City and County form the basis of equal protection violation, and when those actions occurred, and must also allege a claim under Monell.

8.  The motion to dismiss based on qualified immunity is DENIED as moot, in view of the fact that the individual Police Commissioners have been dismissed with prejudice.

9.  The motion to dismiss the claims relating to the Police Commission disciplinary hearing in December 2009 is GRANTED, based on plaintiff's failure to exhaust his judicial remedies.

10. The third amended complaint shall be filed no later than January 5, 2010.

**IT IS SO ORDERED.**

Dated:  December 13, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3