United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK SCHIFF,

    Plaintiff,

    v.

THERESA BARRETT, et al.,

    Defendant.

_____/

No. C 10-1051 PJH

**ORDER RE MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

The motion of defendant City and County of San Francisco ("the City") to dismiss the third amended complaint ("TAC") in the above-entitled action (also referred to as Schiff III), and motion to strike certain allegations in the TAC, and plaintiff's motion for leave to file a fourth amended complaint, came on for hearing on February 9, 2011. Plaintiff Frederick Schiff ("plaintiff" or "Schiff") appeared by his counsel Thomas Bourke, and the City appeared by its counsel Lauren Monson.

Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to dismiss, GRANTS the motion to strike in part and DENIES it in part, and DENIES the motion for leave to file a fourth amended complaint, as follows for the reasons stated at the hearing.

    1.    Motion to Dismiss/Strike

In the TAC, plaintiff alleges discrimination, retaliation, and harassment "that has continued unabated since Schiff filed the Schiff II action on October 6, 2008." The TAC asserts the following claims against the City (the sole remaining defendant in this case): discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981; and violation of

plaintiff's equal protection rights, under 42 U.S.C. § 1983.

The City seeks an order dismissing the TAC for failure to state a claim, and also seeks an order striking certain allegations in the TAC relating to the November 2009 Police Commission disciplinary hearing.

With regard to the motion to dismiss, the City argues, first, that the TAC fails to state a Monell claim because it does not adequately plead a policy or practice that resulted in the alleged injury; and second, that the TAC fails to state a claim for discrimination or a violation of his equal protection rights because it fails to allege that the City treated Schiff differently than it did other similarly situated non-white police officers.

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the statement need only give the defendant fair notice of the claim and the grounds upon which it rests, the allegations must be enough to raise the right to relief above the speculative level. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

The motion is DENIED. The court finds that the TAC adequately alleges the existence of a "longstanding practice or custom which constitutes the standard operating procedure" of the City, which is one of the three ways of establishing a policy or custom for purposes of Monell liability. See The City's arguments in its motion go more towards the merits of the claims, not whether they are adequately pled.

The court also finds that the TAC adequately alleges discrimination or a violation of Schiff's equal protection rights, as it alleges that he was treated differently than similarly situated individuals of other races, that the unequal treatment was intentional, and that he suffered injury as a result of the alleged discriminatory classification.

With regard to the motion to strike, the City argues that all factual allegations relating to the November 2009 Police Commission disciplinary hearing should be stricken. Under Federal Rule of Civil Procedure 12(f), the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court must deny the motion to strike if there is any doubt whether the allegations in the

2

pleadings might be relevant in the action. See In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000).

The motion is GRANTED in part and DENIED in part. The court agrees with the City that to the extent that Schiff is seeking to challenge the conduct of the Police Commission hearing – or its outcome – such allegations are immaterial because the court ruled in its December 13, 2010 order that any claim relating to the Police Commission hearing was barred for failure to exhaust judicial remedies.

Thus, for example, TAC ¶ 20 is stricken in its entirety, because it appears to relate solely to the conduct of the hearing by the Commission. Similarly, to the extent that TAC ¶ 28 references the Commission hearing, and Schiff's "ability to defend himself" at that hearing, those allegations are stricken, as is the allegation in TAC ¶ 30 that the Commission "ratified Captain Barrett's conduct toward Schiff when she had him brought up on bogus charges."

On the other hand, Schiff alleges, for example, in TAC ¶¶ 34, 35, 37, and 38 that Captain Barrett attempted to intimidate one of the witnesses, that she submitted a false document to the Commission, and that she encouraged another officer to discuss what had happened at the Commission hearing. To the extent that Schiff is seeking to challenge any aspect of the conduct or outcome of the hearing, these allegations are immaterial and must be stricken.

However, to the extent that Schiff is attempting to use the allegations regarding Captain Barrett to support his claim of harassment or retaliation, such allegations are arguably material and may remain in the complaint.

2. Motion for Leave to File a Fourth Amended Complaint

Plaintiff seeks leave to amend the TAC, to add claims for injunctive relief under California Labor Code § 1102.5, and Art. I, §§ 3 and 31 of the California Constitution, and to add claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Fair Employment and Housing Act, Cal. Gov't Code § 12940 ("FEHA"). He also wants to "supplement" the complaint by bringing it "up to date" to December 17, 2010.

3

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). The City argues that the motion should be denied because Schiff has already been given ample opportunity to amend the complaint in Schiff III, because the motion is brought in bad faith, because it will be prejudiced by having to defend against the new claims, and because the proposed new claims are futile.

The court finds that the motion must be DENIED. Schiff previously amended the complaint in Schiff III once, as of right, before defendants filed a responsive pleading. In addition, the court has twice given Schiff leave to amend. The present version of the complaint is the third amended complaint. The Ninth Circuit has held that when the district court has previously granted leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad." Chodos, 292 F.3d at 1003 (citation omitted).

In assessing timeliness, the Ninth Circuit does not "merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." AmerisourceBergen, 465 F.3d at 953. Rather, the court also inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. (citing cases). Where the court finds that facts or theories were available to the plaintiff prior to a previous amendment of the complaint, the court is justified in concluding that the motion to amend was made after undue delay. See Chodos, 292 F.3d at 1003 (citing Lockheed Martin Corp. v. Network Solutions, 194 F.3d 980, 986 (9th Cir. 1999)).

Here, there is no question that – apart from the additional facts Schiff seeks to add

4

regarding events that post-dated the filing of the original complaint in this action – the facts and theories he seeks to add have long been available to him. Thus, the court finds that he has unduly delayed in seeking leave to amend to add these new claims.

However, the Ninth Circuit has also held that delay alone is insufficient to support a denial of leave to amend. United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The court considers prejudice to the opposing party to be the most important factor. Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

The court agrees with the City that the new claims set forth in the proposed fourth amended complaint will alter the nature of the litigation, and will require defendants to undertake, at this relatively late date, a new course of defense. While this factor is not fatal to amendment, it "enters into the balance" in the court's determination of whether to grant a motion for leave to file an amended complaint. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In addition, where new claims will necessitate substantial additional discovery, a proposed amendment may be found to prejudice the defendant. See United States v. Pend Oreille Pub. Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994). Here, the new claims will undoubtedly require additional depositions, and will also require the City to update its previously served discovery responses. The discovery cut-off date is March 18, 2011, and the proposed new claims will justify requiring defendants to produce substantial additional discovery within the remaining time allotted.

With regard to bad faith, the court finds that the present attempt to add the Title VII and FEHA claims back into this case via the proposed fourth amended complaint is suggestive of bad faith, given that Schiff voluntarily abandoned those claims when he filed the first amended complaint on April 20, 2010. The rule in the Ninth Circuit is that any claim in the original complaint that is not realleged in the amended complaint is deemed waived, and is no longer before the court. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); see also Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir. 1996).

Finally, with regard to futility, the court finds that the proposed FEHA and Title VII

5

claims would be futile, given Schiff's admitted failure to obtain right-to-sue letters with regard to those claims by filing administrative charges with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). While Schiff is correct that the failure to timely file an administrative charge is not a jurisdictional prerequisite to the filing of a lawsuit under FEHA or Title VII, he is incorrect when he suggests that administrative exhaustion is not a jurisdictional requirement.

In order to establish that the court has subject matter jurisdiction over his Title VII claims, a plaintiff is required to exhaust his administrative remedies, by filing a charge with the EEOC or the appropriate state agency. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); see also Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003). Similarly, FEHA requires a plaintiff to exhaust his/her administrative remedies – by filing a complaint with DFEH and receiving a right-to-sue letter – prior to bringing suit. Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994).

The court is similarly unpersuaded by Schiff's argument that he was not required to file a new administrative charge with either DFEH or the EEOC, because the alleged "hostile environment" was a continuing action. While Schiff has alleged "harassment," the facts alleged relate to harassment as a form of retaliation for having filed prior complaints of discrimination. The court finds no facts pled to support a claim of hostile environment. Specifically, the proposed amended complaint does not allege offensive conduct regarding an allegedly protected class – in this case, unwelcome verbal or physical conduct directed at his status as a white male – that was sufficiently severe or pervasive that it altered the working conditions and created a hostile environment. See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986).

While it is true that the court has jurisdiction over any charges of discrimination that are "like or reasonably related to" the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations, see Green v. Los Angeles Cnty. Superintendent of

1  Schs., 883 F.2d 1472, 1475-76 (9th Cir. 1989), the allegations here relate to entirely new
2  claims of discrimination and retaliation.
3      The Title VII and FEHA claims in Schiff II were based on the allegation that the City
4  discriminated against Schiff when it failed to promote him to the position of Lieutenant from
5  the 2005 List, and that that failure to promote was also in retaliation for his having filed a
6  prior EEO complaint and a prior lawsuit alleging discrimination.  The new proposed Title VII
7  and FEHA claims in Schiff III are based on the City's failure to promote him to the position
8  of Lieutenant from the 2008 List, and retaliation for his having complained about the City's
9  alleged discrimination.
10     With regard to the motion for leave to "supplement" Schiff III to "bring it up to date" to
11 December 17, 2010, it is not clear exactly what the proposed new "updates" consist of.
12 The court has briefly reviewed the proposed fourth amended complaint and finds no
13 substantive "supplemental allegations" beyond the allegations that appear in the TAC.
14 Moreover, the first two iterations of the complaint alleged retaliation "that has continued
15 unabated since Schiff filed the Schiff II action in October 2008," Cplt ¶ 3, FAC ¶ 3, while the
16 second amended complaint alleged "discrimination and retaliation that has continued
17 unabated since Schiff filed the Schiff II action in October 2008," SAC ¶ 75, and the third
18 amended complaint amended alleges "discrimination, harassment, and retaliation that has
19 continued unabated since Schiff filed the Schiff II action on October 6, 2008."  TAC ¶ 7.
20     Based on the foregoing, the court finds that the proposed fourth amended complaint
21 is untimely, that the City would be prejudiced if compelled to defend against the new claims
22 and new theories of the case, and that amending the complaint to add the Title VII and
23 FEHA claims would be futile.

25 **IT IS SO ORDERED.**
26 Dated:  February 14, 2011

27                                      _____
                                        PHYLLIS J. HAMILTON
                                        United States District Judge

7