UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK SCHIFF,

    Plaintiff,

      v.

THERESA BARRETT, et al.,

    Defendants.

_____/

No. C 10-1051 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On September 25, 2008, plaintiff Frederick Schiff, a Sergeant with the San Francisco Police Department, was ordered by San Francisco Police Deputy Chief Kevin Cashman to refrain from any contact with Linda Yoakum. Plaintiff now seeks an temporary restraining order prohibiting defendant City and County of San Francisco from disciplining or "retaliating" against him for participating in a meeting with his attorney and Ms. Yoakum, whom he describes as a "trial witness."

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376, 381 (2008). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Id. at 374.

Alternatively, the plaintiff may demonstrate that serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, __ F.3d __, 2011 WL 208360 at *7 (9th Cir., Jan. 25, 2011).  A "serious question" is one on which the plaintiff "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

Here, plaintiff has neither cited the appropriate standard, nor made the showing required under that standard.  Accordingly, the motion is DENIED.

The docket reflects that the parties have, with some frequency, written letters which were then posted on the court's electronic docket, in lieu of filing formal motions or requests for administrative relief as permitted by the local rules.  The court takes this opportunity to advise the parties that it will no longer permit the filing of unsolicited letters to the court.

Moreover, the last letter exchange, prompted by plaintiff's filing of an application for a temporary restraining order, reflects a lack of understanding about what an ex parte filing is.  Ex parte means without notice to the other party.  According to plaintiff's letter, he did not seek to avoid notice to defendants, and claims to have given notice.  It appears to the court that what plaintiff actually sought was expedited – not ex parte – consideration.  Plaintiff's counsel is directed to Civil Local Rule 7 for directions as to the types of motions that may be filed in this court.

**IT IS SO ORDERED.**

Dated: February 15, 2011

PHYLLIS J. HAMILTON
United States District Judge

2